## Illinois Steel Co. v. Stephen Sitar.

1. EVIDENCE—*Questions Calling for the Conclusions of the Witness.*—It is not error to sustain an objection to a question calling for the opinion or conclusion of the witness.

2. DAMAGES—*Where $1,700 is Not Excessive.*—Where an employe in a blast furnace while assisting in the removal of a "bosh plate" was severely burned in the face and his left ear so injured that his hearing was permanently affected and the sight of one if not both of his eyes impaired, a verdict for $1,700 is not excessive.

3. Negligence—*Reference to Former Decisions.*—For a statement of the views of the court as to whether the facts in this case were sufficient to warrant the jury in finding the defendant guilty under the evidence, reference is made to the case of Illinois Steel Co. v. McFadden, Adm., etc., 98 Ill. App. 296, *ante.*

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Will County; the Hon. John Small, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 15, 1901.

Garnsey & Knox and Wm. Duff Haynie, attorneys for appellant.

Donahoe & McNaughton, attorneys for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit brought by appellee, Stephen Sitar, against the Illinois Steel Company, appellant, to recover damages for personal injuries claimed by appellee to have been received by him while in the employ of appellant, on May 22, 1899.

Appellee was a workman employed at a blast furnace of appellant in Joliet, Illinois, and at the time in question was engaged in assisting Harry Walsh, a pipe fitter, and others, in removing what is known as a " bosh plate" from the furnace. The removal of the plate in question was followed by a stream of fire, coke and gas, through the aperture so caused, which inflicted the injuries upon appellee complained of. Walsh, who stood in front of appellee, received injuries at the same time from which he subsequently died. His administrator brought suit against appellant in the Circuit Court of Will County, and the same was afterward brought by appellant to this court under the title of Illinois Steel Company v. John McFadden, administrator, etc., *supra*, page 296. An opinion was filed in that case October 8, 1901, and as the injuries to Walsh and appellee were received at the same time and under the same circumstances, we refer to that case for a full statement of the facts.

There was a verdict and judgment in this case in favor

of appellee for $1,700. Appellant claims that the negligence charged against it was not proven. We are of opinion, however, that the facts were sufficient to warrant the jury in finding appellant guilty of such negligence, and as the case in that particular is identical with the case of the Illinois Steel Company v. McFadden, *supra*, we also refer to that case for a statement of our views upon this question.

Upon the trial a witness, John James, who was present at the time appellee was injured, was asked upon cross-examination, by counsel for appellant, whether he expected and believed that the plate would remain in the furnace until the blast was finally taken off. Appellant insists that in sustaining an objection to this question the court erred. We do not think so, for the reason that the question called for an opinion or conclusion of the witness, which could have no bearing upon the case. But even if it were competent, substantially the same question had been previously asked and answered by the witness without objection.

Appellant further claims that the proximate cause of the injury was the negligence of Walsh, the pipe fitter, and that as Walsh and appellee were fellow-servants, the latter can not recover. It appears from the proof, however, that Walsh was not guilty of negligence in regard to any matter connected with the removal of the plate, but that the trouble was occasioned by the negligence of Conlon, who was in charge of the furnace in question.

Appellant also assigns as error that the damages are excessive. It appeared from the evidence that appellee was severely burned in the face; that his left ear was injured so that the hearing was permanently affected; that the sight of one, if not both, of his eyes was impaired by the injuries he received and that he suffered severe pain. Under such circumstances we can not say that the judgment for $1,700 was excessive.

The judgment of the court below is affirmed.