## Illinois Steel Company v. Stephen Delac.

1. EXPERT TESTIMONY—*Failure to State that Conditions Existing in Plaintiff Were Result of Injury.*—The court is not warranted in excluding testimony of physicians because they had not testified that the conditions they found existing in plaintiff resulted from the injuries received by him in the accident complained of.

Action on the Case, for personal injuries. Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

GARNSEY & KNOX and WM. DUFF HAYNIE, attorneys for appellant.

DONAHOE & NCNAUGHTON and JAMES A. MCKEOWN, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Stephen Delac, named in the pleadings Stif Delac, brought this action against the Illinois Steel Company to recover damages for injuries sustained by him on May 22, 1899, while engaged as a servant of defendant in removing a "bosh plate" from the wall of a furnace. He recovered a verdict for $5,000, remitted $2,500 and had judgment for $2,500, from which defendant appeals. Plaintiff was injured at the same time and under the same circumstances detailed in the cases of Illinois Steel Co. v. McFadden, 98 Ill. App. 296, and 196 Ill. 344, and Illinois Steel Co. v. Sitar, 98 Ill. App. 300. The reports of those cases contain a description of the circumstances under which the injury was inflicted, which need not be repeated here. They also dispose of many objections appearing in the present record. The iron bar mentioned in the cases just cited was supported at the end farthest from the wall of the furnace by a cross-bar in the hands of two men, one of whom was the plaintiff here. When the bosh plate came out, accompanied with a rush of flame, plaintiff fell backward and fell off the platform, which was some seven to nine feet from the

ground, and fell upon bars and iron used around the furnace. According to the testimony of defendant's surgeon who attended plaintiff in a hospital about a month, plaintiff was burned on the right wrist, the left hand, wrist and forearm, and the left side of the face. According to plaintiff's proof he also received serious and permanent injuries in the back, and injuries upon his legs and foot, from his fall; was unable to work at all for nine months; has been able to work only part of the time since, and still suffers pain and loss of sleep. Before the injury he was earning $65 to $70 a month. Since he resumed work he has been able to earn but $24 to $26 a month. We would not be warranted in holding the judgment is excessive.

It is argued the proof in this case shows Conlon, the superintendent, ordered the blast taken off before the bosh plate came out, and therefore the event was a mere accident. One witness did so testify, but several witnesses testified Conlon's order to take off the blast was given just after the bosh plate came out, and that before that Conlon had three times ordered the men at the ball to strike, the last blow causing the removal of the bosh plate and the resulting escape of flame. It is argued the proof shows plaintiff dropped the cross-bar, and that this was what caused the bosh plate to come out, and therefore either plaintiff caused the injury by his own negligence, or else it was a pure accident. The proof, we think, is clear that it was the escaping flame when the bosh plate came out which caused plaintiff to let go of the cross-bar as he fell backward.

Plaintiff called three physicians who had examined him only one or two days before they testified, and who testified he was suffering from traumatic neurosis, and that he was permanently disabled. At the close of plaintiff's proofs, defendant moved to exclude the testimony of the three physicians because they had not testified that the condition they found existing in plaintiff resulted from the injuries received by him when the bosh plate was removed. The motion was denied and defendant excepted. One of

them, Dr. Brannon, testified that the disease, traumatic neurosis, with which he found plaintiff afflicted, might be caused by a fall from a platform six or eight feet high. Another, Dr. Higgins, testified that with the history of the case the patient gave him, he attributed a certain lack of sensation which the doctor described, to the concussion of the whole body, and of the nervous system, that plaintiff received in his falling and striking as he did. He also explained that in making such an examination the physician must rely to a certain extent upon the history of the case, given by the patient or by some one else who knows it. Each of these physicians gave numerous tests to which they subjected the patient. Dr. Curtiss testified (as did the others) that he found tenderness over the spine from the base of the skull to the lower end of the spine, much marked, making the patient flinch under pressure. Drs. Brannon and Higgins testified to means used to prevent the patient knowing to what tests he was being subjected or the object of them, and to areas in various parts of the body where there was a lack of sensation. This testimony was to be considered in connection with plaintiff's own testimony as to the injuries and swellings on his back, caused by his fall, and as to his symptoms and sensations since then, and also with the evidence given by another patient in the hospital who testified concerning the condition of plaintiff's back as he saw it while they were in the hospital in adjoining beds. We are of opinion the court would not have been warranted in excluding the testimony of these physicians. Dr. Curtiss was not asked what could have caused such a condition as he described, but we do not think it was necessary to prove that by each physician. If it was necessary, there was no separate motion to exclude his testimony, but only one motion to exclude all the testimony of all three physicians. The judgment is affirmed.